**In re CHARGER, INC., Debtor.**

**No. 5:99–bk–81646.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Aug. 27, 2004.

Charles W. Tucker, Little Rock, AR, Assistant United States Trustee.

John T. Lee, Siloam Springs, AR, Chapter 7 Panel Trustee.

**ORDER**

RICHARD TAYLOR, Bankruptcy Judge.

On August 16, 2004, the Court held a hearing regarding a letter report submit-

ted to the Court by the Assistant United States Trustee [Trustee], Charles W. Tucker. The report was submitted at the request of the Court and as a result of a hearing held on May 13, 2004. The events leading up to the report are outlined below.

On May 13, 2004, the Court held a show cause hearing in the Jerry W. Roland and Janice Roland bankruptcy proceeding, case number 5:02–bk–75973. The purpose of the hearing was to consider the "Trustee's Final Application for Approval of Attorney's Fees and Expenses and Accountant's Fees and Expenses and Notice to Creditors Thereof," filed on January 5, 2004, by John T. Lee, chapter 7 panel trustee [Terry Lee]. Terry Lee was directed to show cause why he should not be removed as trustee pursuant to 11 U.S.C. § 324, for cause, including, but not limited to, the following:

1. a failure to distinguish between trustee's duties and the attorney for the trustee's duties;

2. a pattern of charging for mileage and meals as an attorney for a Fayetteville trustee to attend Fayetteville hearings;

3. a pattern of filing and obtaining multiple payments for the same expenses;

4. the use of a "pro rata" designation on billing entries when the time and expenses are clearly not prorated between the various cases and statements;

5. billing attorney time for traveling to hearings;

6. the appearance of inflated hours, exacerbated by duplicate billings to separate files; and

7. the appearance of billing both time and expenses for hearings that had either been removed from the dock-

et or concluded by a previously entered order.

Terry Lee appeared in person with his attorneys, Charles T. Coleman and James J. Glover of Wright, Lindsey & Jennings LLP. Charles W. Tucker, Assistant United States Trustee, and Jim Hollis, attorney for the Trustee, also appeared on behalf of the United States Trustee.

At the conclusion of the hearing, the Court approved the remedial actions recommended by and agreed to by the United States Trustee and Terry Lee (United States Trustee's Investigation Report dated March 25, 2004, introduced into the record as Court Exhibit 1). Additionally, the Court suggested that the United States Trustee conduct an investigation of the entire Charger, Inc. file, case number 5:99–bk–81646 [Charger]. The Court's request was occasioned by entries in some of Terry Lee's fee applications that warranted further investigation. Specific applications were introduced into the record at the May 13, 2004, hearing as Court Exhibits 15, 17, 18, 20, 24, 25 and 26.

Based on the issues raised at the May 13 hearing, the scope of the Charger investigation could have included, but not been limited to, a review of the entirety of each of Terry Lee's applications for the following entries: (1) multiple charges for the same mileage and meals; (2) the use of a "pro rata" designation on billing entries where the time and expenses were not prorated between the various cases, including multiple Charger adversary proceedings and hearings; (3) inflated hours, exacerbated by duplicate billings within Charger statements; and (4) attorney charges for reviewing claims registers and filing simple objections to claims.

On July 8, 2004, Charles Tucker submitted a letter report of the Charger investigation to the Court. After reviewing the report, the Court ordered Charles Tucker

to appear and fully inform the Court regarding the report and the proposed recommendations contained in the report. A hearing was held on August 16, 2004.

The Trustee's report and the proffered exhibit [Trustee's Exhibit 1] reflect that the Trustee restricted his investigation merely to the seven specific billing entry dates highlighted by the Court and contained in the above referenced exhibits. It is apparent that the Trustee's office did not conduct a full or complete audit or examination of the Charger files. Accordingly, the Court hereby approves the recommendations contained in the report, but only to the extent that the report relates to the seven dates referenced in the Trustee's Exhibit 1.

The Trustee's submission of the letter report, in response to the Court's suggestion of an audit of the entire Charger file, raises concerns by the Court as to the procedures and standards used by the Trustee's office in reviewing compensation applications submitted by panel trustees who hire themselves as counsel. These proceedings demonstrate that the United States Trustee's examination lacks critical analysis and scrutiny. For example, obvious duplicate and even triplicate billings for items such as miles and meals were never discovered by the Trustee's office. Other entries that should have raised red flags appear to have been ignored. When questioned, the Trustee was not able to respond unequivocally that an appropriate inquiry had been made concerning a forty hour billing day contained in a Charger fee application. Reasonable reasons may exist for such a day, but exacting inquiry seems to be lacking.

The law is clear. In particular, the bankruptcy code provides that,

> [i]f the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this

title, the court may allow compensation for the trustee's services as such attorney or accountant *only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.*

11 U.S.C. § 328(b)(emphasis added). This requires cogent, consistent, and uniformly applied standards, with commensurate scrutiny, when reviewing bills to ensure reasonable charges for work appropriately performed. The Bankruptcy Court for the Western District of Arkansas has specifically provided that a panel trustee may not be awarded attorneys fees for reviewing the schedules or claims register, or for drafting simple objections to claims. *In re NWFX, Inc.,* 267 B.R. 118, 228–29 (Bankr.W.D.Ark.2001). Despite this very clear mandate, the United States Trustee's office continues to put its stamp of approval on applications requesting compensation for such services. Trustees acting as attorneys are entitled to compensation, but the charges must be proper under the code and reasonable in relation to the services performed. This case demonstrates that the United States Trustee's vigilance is an absolute necessity.

As stated above, the United States Trustee's letter report is approved, but only as it relates to the seven days reviewed by the Trustee and referenced in the letter report and Trustee's Exhibit 1.

IT IS SO ORDERED.